1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   GUSTAVO CORTES,                            No.  1:18-cv-01355-NONE-JLT

12              Plaintiff,

13        v.                                    ORDER GRANTING PLAINTIFF AN
                                                EXTENSION OF TIME TO FILE MOTION
14   KERN COUNTY SUPERINTENDENT                 FOR ATTORNEY'S FEES AND GRANTING
     OF SCHOOLS, VALLEY OAKS                    IN PART THAT MOTION FOR
15   CHARTER SCHOOL - TEHACHAPI,                ATTORNEY'S FEES

16              Defendant.                      (Doc. Nos. 25, 26)

17

18

19        Plaintiff Gustavo Cortes, on behalf of his minor daughter A.C., initiated this action on

20   October 1, 2018 by filing a complaint for attorney's fees as the prevailing party against defendant

21   Kern County Superintendent of Schools-Valley Oaks Charter School Tehachapi.  (Doc. No. 1.)

22   Therein, based upon his allegation that the parties had settled a due process proceeding brought

23   under 20 U.S.C. § 1415, the Individuals with Disabilities Education Act ("IDEA"), and that he

24   was therefore the prevailing party, plaintiff moved for an award of attorney's fees and costs.  (*See*

25   *id.*)  As part of the settlement, the parties agreed that plaintiff is the prevailing party.  (Doc. No.

26   16-5.)  The only issue the parties were unable to agree upon was the amount of attorney's fees

27   owed to plaintiff's counsel, the Law Office of Andrea Marcus ("Marcus").

28   /////

                                               1

On August 26, 2019, the previously assigned district judge awarded plaintiff $84,448.18 for attorney's fees and costs, plus interest accruing from August 21, 2018 at the statutory rate. (Doc. No. 22.)  This award did not include, however, fees for services provided in connection with plaintiff's filing of the motion for attorney's fees.  (*See generally id.*)  Judgment was entered on August 28, 2019, and thereafter, the case was closed.  (Doc. No. 24.)

On December 24, 2019, plaintiff filed:  1) a request for a 104-day extension to file a motion for attorney's fees; and 2) a motion for attorney's fees and costs incurred in connection with the October 1, 2018 complaint for attorney's fees, the February 4, 2019 motion for attorney's fees, and the pending motion for fees.  (Doc. Nos. 16–17, 19–20, 25, 26.)  Defendant filed its opposition on February 10, 2020.  (Doc. No. 28.)  Plaintiff filed his reply on February 12, 2020.  (Doc. No. 29.)

The court has determined plaintiff's request for an extension of time and the motion for additional attorney's fees are suitable for decision based on the papers under Local Rule 230(g) and, for the reasons explained below, will grant plaintiff's request for an extension to file his motion for attorney's fees, and will also grant, in part, plaintiff's motion for attorney's fees.

## BACKGROUND

In the prior order granting, in part, plaintiff's motion for attorney's fees and costs, the previously assigned district judge described at length the circumstances giving rise to the underlying administrative hearing.  (*See* Doc. No. 22 at 1–3.)  The court need not repeat all of those facts here, but will briefly summarize those that are relevant to the pending motion for attorney's fees incurred in connection with litigating the prior fee motion.

At the time of the parties' settlement, A.C. was 19 years old and had been diagnosed with "Schizoaffective Disorder mixed typed" and "Autistic disordered, social phobia, generalized." (Doc. No. 16 at 10.)  Issues arose when the parties sought to find a suitable residential treatment center for A.C.  (*See generally id.* at 5–6; Doc. No. 19 at 5–10.)  Plaintiff filed a due process complaint in May 2018, alleging that defendant denied A.C. a free appropriate public education in A.C.'s individualized education program as required by the IDEA.  (*Id.*)

/////

2

On August 21, 2018, on the eve of the anticipated multi-day due process hearing, the parties reached a settlement.  (Doc. No. 16-5 at 10.)  As part of the settlement, the parties agreed that A.C.'s parents were the prevailing party for purposes of awarding reasonable attorney's fees.  (*Id.* at 6.)  However, the settlement agreement did not include resolution of the amount of plaintiff's attorney's fees.  (*See id.*)  The parties instead agreed to resolve the amount of attorney's fees by way of motion before this federal court.  (*See id.*)

Accordingly, on February 4, 2019, plaintiff filed a motion for attorney's fees and costs.  (Doc. No. 16.)  Therein, plaintiff requested $79,180 for services provided by attorney Marcus in connection with the underlying administrative hearing and $7,123.18 in costs.  (Doc. No. 16-6.)  Thus, plaintiff sought a total award of $86,303.18 in attorney's fees and costs, excluding interest.  (Doc. No. 17.)

On March 3, 2019, defendant filed an opposition to plaintiff's motion, seeking a significant reduction in the amount of attorney's fees from that sought by plaintiff.  (Doc. No. 19.)  On August 26, 2019, the district judge awarded $84,448.18 in attorney's fees and costs, plus interest accruing from August 21, 2018 at the statutory rate.  (Doc. No. 22 at 24.)  Judgment was entered on August 28, 2019, and thereafter, the case was closed.  (Doc. No. 24.)

On December 24, 2019, plaintiff filed the pending:  1) request for a 104-day extension to file a motion for attorney's fees for costs incurred in preparing the October 1, 2018 complaint for attorney's fees and the February 4, 2019 motion for attorneys' fees and costs; and 2) a motion for attorney's fees and costs incurred while preparing the February 4, 2019 motion for attorney's fees and this pending motion for fees on fees.  (Doc. Nos. 16–17, 19–20, 25, 26.)  In her request for an extension of time, attorney Marcus states that she "failed to timely file for attorneys' fees and costs" within 14 days after entry of judgment as required by Rule 54(d)(2)(B)(i) because the "deadline was mistakenly left off the firm's calendar."  (Doc. No. 25 at 3.)  Attorney Marcus also provided the following reasons through her sworn declaration for missing that deadline:  1) attorney Marcus operates a solo-attorney firm; 2) her firm "unexpectedly lost the employee responsible for calendaring pleading and litigation deadlines at the time the court entered judgment for plaintiff" and therefore the deadline was not calendared; 3) significant emergencies

3

arose as two of her clients in an unrelated case, whom Marcus states are disabled and homeless

with significant mental health needs, "had stopped attending school and [had] been victimized by

sex-traffickers, and had been extensively interviewed by law enforcement officials"; 4) another

former client suffering from post-traumatic stress disorder threatened to commit suicide "by the

26th of August" and Marcus's firm "was working to locate critical and safe alternative placement

options" for that client; and 5) these crises occurred in addition to attorney Marcus's active

caseload that tends to be busier at the beginning of the school year, which was around the same

time the previously assigned judge entered judgment in this case.  (*See id.* at 3–6.)

In his motion for attorney's fees filed on December 24, 2019, plaintiff seeks an additional

$32,801.60 in attorney's fees and costs in connection with his previously filed fees motion.  (Doc.

No. 26-2 at 5.)  Defendant filed its opposition to that motion on February 10, 2020.  (Doc. No.

28.)  Plaintiff filed his reply on February 12, 2020.  (Doc. No. 29.)  For the reasons explained

below, the court will grant plaintiff's request for an extension of time to file the pending motion

for attorney's fees and will also grant plaintiff's motion for additional fees and costs in part.

**DISCUSSION**

**A.    Excusable Neglect**

Plaintiff's counsel acknowledges she failed to timely file a motion for attorney's fees

under Rule 54.  (Doc. No. 25 at 3.)  However, attorney Marcus argues that she should be

permitted to proceed with the motion for fees based on her excusable neglect.  (*Id.*)  Defendant

argues that counsel's inadvertence and ignorance of the rules do not constitute excusable neglect.

(Doc. No. 28 at 3, 6.)

Local Rule 293 provides that "[m]otions for awards of attorneys' fees to prevailing parties

pursuant to statute shall be filed not later than twenty-eight (28) days after entry of final

judgment."  E.D. Cal. L.R. 293 (citing Fed. R. Civ. P. 54(d)).  Rule 6(b)(2) of the Federal Rules

of Civil Procedure provides that a district court may, within its discretion, permit a party to file an

untimely motion, "when the failure to act was the result of excusable neglect."  Courts analyze

the following equitable factors in determining whether a missed deadline was a result of

excusable neglect:  1) the danger of prejudice to the opposing party; 2) the length of the delay and

4

1    its potential impact on judicial proceedings; 3) the reason for the delay, including whether it was

2    within the reasonable control of the movant; and 4) whether the movant acted in good faith.

3    *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993).  The

4    Supreme Court has noted that "[a]lthough inadvertence, ignorance of the rules, or mistakes

5    construing the rules do not usually constitute 'excusable' neglect, it is clear that 'excusable'

6    neglect' under Rule 6(b) is a somewhat 'elastic concept' and is not limited strictly to omissions

7    caused by circumstances beyond the control of the movant." *Id.* at 392 (internal citations

8    omitted); *see also Kyle v. Campbell Soup Co.*, 28 F.3d 928, 931–32 (9th Cir. 1994); *Kroll v.*

9    *Kaiser Found. Health Plan Long Term Disability Plan*, No. 3:09-CV-01404-LB, 2011 WL

10   13240371, at *2–3 (N.D. Cal. Aug. 25, 2011) (recommending granting a delayed filing for

11   attorney's fees despite counsel's anticipated surgery and paralegal's vacation, where there was no

12   evidence of prejudice, delay was only two days, and absence of evidence of bad faith), *adopted*

13   *by* No. 3:09-CV-01404-JSW (N.D. Cal. Oct. 26, 2011) (Doc. No. 134); *A.F. v. Hamamoto*, No.

14   CV 07-00278-JMS-KSC, 2007 WL 2684133, at *4–5 (D. Haw. Sept. 7, 2007) (allowing plaintiff

15   to file a belated attorney's fee motion in IDEA case where there was no evidence of prejudice,

16   delay in filing the motion was one month, the reason for delay was counsel's mistaken

17   assumption that fees issue could not be settled until the prevailing party issue was resolved, and

18   absence of evidence of bad faith).  For the reasons explained below, the court finds plaintiff has

19   demonstrated excusable neglect in this case.

20          1.      Prejudice

21          Plaintiff argues that defendant has not suffered any prejudice as a result of the late filing

22   of its motion because, as a result of that delay, defendant has been able to retain the money owed

23   to plaintiff for a significant time.  (Doc. No. 25 at 7.)  In opposition, defendant argues that it is

24   prejudiced because defendant is not only responding to the motion itself, but also to the lateness

25   motion, which requires more time and investment on the part of defense counsel.  (Doc. No. 28 at

26   4.)  Defendant further argues that it has been prejudiced by the delay because opposing the

27   motion after such a delay has required re-reviewing the case materials to refresh its recollection.

28   (*Id.*)

                                                    5

1    While the court recognizes *some* prejudice to defendant in requiring it to oppose a request

2    for an extension, any such prejudice appears to be minimal in this case.  Defendant's argument

3    that it must refresh its recollection of the case history is unpersuasive, especially where defendant,

4    in opposition, "limit[s] the procedural history to the facts relevant to the instant Motion and

5    Opposition."  (Doc. No. 28 at 2.)  No extensive review of the case history was necessary for

6    purposes of opposing the pending motion.  Moreover, defendant did not appear to expend time

7    responding to both motions, as its opposition only addresses plaintiff's late filing of the motion

8    for attorney's fees, but not the motion for attorney's fees itself.  (*See generally id.*)  Therefore,

9    this factor weighs in favor of a finding of excusable neglect.

10        2.    Length of Delay and Potential Impact on Judicial Proceedings

11    The length of delay in bringing the pending motion here was 90 days.[1]  Defendant cites to

12    a prior decision in which the undersigned denied the defendants' motion for attorneys' fees that

13    was delayed by 30 days in a civil rights case.  *Sameer v. Khera*, No. 1:17-cv-01748-DAD-EPG,

14    2019 U.S. Dist. LEXIS 66537, at \*6–7 (E.D. Cal. Apr. 18, 2019).  *Sameer* involved a case

15    brought by a plaintiff proceeding *pro se* that was dismissed with prejudice because the allegations

16    of the complaint were deemed to be frivolous by the court.  *See id.* at \*4 (noting that the *pro se*

17    plaintiff had alleged massive conspiracy involving more than 30 defendants, including her ex-

18    husband, all attorneys involved in her divorce proceedings, multiple judges, and many others).

19    Moreover, *Sameer* involved *defendants* filing for attorney's fees, not a prevailing plaintiff.  *See*

20    *generally id.*  Therefore, the cited *Sameer* is distinguishable.

21    The court recognizes that plaintiff's 90-day delay in filing its motion for additional fees

22    constitutes an extended delay.  *See Hamamoto*, No. CV 07-00278-JMS-KSC, 2007 WL 2684133,

23    at \*4–5 (allowing plaintiff to file a belated attorney's fee petition where the delay was one

24    month).  However, the court will also examine and consider the remaining factors to determine

25    whether excusable neglect exists in this case.  *See id.* (allowing plaintiff to file belated attorney's

26

27    [1]  Plaintiff seeks a 104-day extension to file his motion for attorney's fees based on the 14-day
deadline in Rule 54.  However, the applicable rule is Local Rule 293, which provides for a 28-day

28    deadline after entry of final judgment.  E.D. Cal. L.R. 293 (citing Fed. R. Civ. P. 54(d)).
Therefore, the court construes plaintiff's request as one seeking a 90-day extension of time.

6

fee petition where there was no evidence of prejudice, the reason for the delay was counsel's

mistaken assumption that fees issue could not be settled until prevailing party issue was resolved,

and absence of evidence of bad faith).

        3.    <u>Reason for Delay</u>

        As indicated above, in her request for an extension, attorney Marcus states that she "failed

to timely file for attorneys' fees and costs" within 14 days after entry of judgment as required by

Rule 54(d)(2)(B)(i) because the "deadline was mistakenly left off the firm's calendar."  (Doc. No.

25 at 3.)  Attorney Marcus sets forth the following reasons through her sworn declaration for

missing the deadline:  1) Attorney Marcus operates a solo-attorney firm; 2) her firm

"unexpectedly lost the employee responsible for calendaring pleading and litigation deadlines at

the time the court entered judgment for plaintiff," and therefore, the deadline was not calendared;

3) significant emergencies arose as two of her clients in an unrelated case, whom attorney Marcus

states are disabled and homeless and suffer with significant mental health needs, "had stopped

attending school and [had] been victimized by sex-traffickers, and had been extensively

interviewed by law enforcement officials; 4) another former client suffering from post-traumatic

stress disorder threatened to commit suicide "by the 26th of August" and Marcus's firm "was

working to locate critical and safe alternative placement options"; and 5) these crises occurred in

addition to attorney Marcus's active caseload that tends to be busier at the beginning of the school

year, which was around the same time the previously assigned district judge entered judgment.

(*See id.* at 3–6.)

        Defendant argues that "inadvertence or oversight of counsel does not constitute 'excusable

neglect' that might justify an extension."  (Doc. No. 28 at 6.)  In a footnote, defendant also argues

"litigants are bound by the conduct of their attorneys, absent egregious circumstances (which are

not present here)."  The court disagrees and instead finds persuasive the significant client

emergencies and unexpected employee departure that occurred at approximately the same time

judgment was entered in this case. *Cf. TSI USA LLC v. Uber Techs., Inc.*, No. 17-cv-03536-HSG,

2020 WL 60208, at *2 (N.D. Cal. Jan. 6, 2020) (finding reason for plaintiff's delay significant

where plaintiff's counsel experienced family emergency); *In re Nemee*, No. 1:12-cv-02048-LJO-

1    SKO, 2013 WL 2244405, at *6 (E.D. Cal. May 21, 2013) (finding persuasive reason for delay

2    where attorney "suffered medical problems and traveled for a family emergency" and attorney's

3    "office experienced internet connection problems that contributed to the delay").  Therefore,

4    consideration of this factor weighs in favor of a finding of excusable neglect.

5            4.      Good Faith

6            Based on the circumstances presented here, the court also finds that plaintiff has acted in

7    good faith throughout the parties' negotiations with respect to attorney's fees.  Nothing in the

8    record suggests bad faith in connection with the instant motions or at any other point in this case.

9    Plaintiff began his efforts to obtain attorney's fees from defendant approximately two weeks after

10   the parties' settlement as to the merits of plaintiff's claims was reached.  (Doc. No. 16 at 17.)  On

11   September 6, 2018, plaintiff requested $91,303.18 in attorney's fees.[2]  (*Id.* at 16.)  On September

12   11, 2018, defendant offered $7,500.  (*Id.* at 17.)  While plaintiff delayed by 90 days in filing a

13   supplemental request for attorney's fees in connection with his initial attorney's fees motion, the

14   reasons for the delay suggest that the late filing was the result of significant client emergencies

15   and an unanticipated employee departure, "not the product of a deliberate attempt to violate the

16   rules or to cause harm to the opposing party."  *Kroll*, No. 3:09-CV-01404-LB, 2011 WL

17   13240371, at *3.  There is no evidence before the court that plaintiff has acted in bad faith in this

18   case.

19           Therefore, considering all of the *Pioneer* factors, the court finds that plaintiff's delayed

20   filing of the motion for attorney's fees in connection with the original fee motion was the result of

21   counsel's excusable neglect.  Accordingly, the court will grant plaintiff an extension to file the

22   motion for attorney's fees and will now turn to address the reasonableness of the requested

23   attorney's fees.

24   /////

25   /////

26

27   ─────────────────────
     [2]  Plaintiff quickly took responsibility for the $5,000 expert invoice that was inadvertently
28   included in plaintiff's initial request for attorney's fees, thereby reducing the amount sought by
     plaintiff to $86,303.18.  (Doc. No. 16 at 16–17 n.1.)

1    **B.      Attorney's Fees**

2            "In any action or proceeding brought under [the IDEA], the court, in its discretion, may

3    award reasonable attorneys' fees as part of the costs . . . to a prevailing party who is the parent of

4    a child with a disability."  20 U.S.C. § 1415(i)(3)(B)(i)(I); *Aguirre v. Los Angeles Unified Sch.*

5    *Dist.*, 461 F.3d 1114, 1117 (9th Cir. 2006).  An award of attorney's fees pursuant to the IDEA is

6    "governed by standards set forth by the Supreme Court" in *Hensley v. Eckerhart*, 461 U.S. 424

7    (1983).  *Aguirre*, 561 F.3d at 1121.  A court may award additional fees for time reasonably

8    devoted to obtaining attorney's fees.  *See T.B. v. San Diego Unified Sch. Dist.*, 293 F. Supp. 3d

9    1177, 1195 (S.D. Cal. 2018); *see also Blixseth v. Yellowstone Mountain Club, LLC*, 854 F.3d 626,

10   629 (9th Cir. 2017) "[C]ourts have uniformly held that time spent establishing the entitlement to

11   and amount of the fee is compensable under federal fee-shifting provisions ...."); *Camacho v.*

12   *Bridgeport Fin.*, 523 F.3d 973, 982 (9th Cir. 2008) (holding that fees-on-fees must be calculated

13   using the lodestar method).[3]

14           The Ninth Circuit has recognized under the IDEA both "the spirit and purpose of allowing

15   attorney's fees in cases where parents have been forced to litigate for years against school

16   districts to obtain all or even part of what the Individuals with Disabilities Education Act [.]".

17   *Park v. Anaheim Union High Sch. Dist.*, 464 F.3d 1025, 1034 (9th Cir. 2006).  "[T]he district

18   court has discretion in determining the amount of a fee award."  *Hensley*, 461 U.S. at 437.

19           The court must first determine a reasonable fee by multiplying "the number of hours

20   reasonably expended on the litigation" by "a reasonable hourly rate."  *Id.*  "The district court also

21   _____

22   [3] In the undersigned's experience, fees for the attorney time expended in litigating the amount of
     fees to be awarded are properly sought in a single motion and are then addressed by the court in a
23   single order.  By the time a reply brief in support of a motion for attorney's fees is filed, the
     moving party knows how much time has been expended on the motion and may update the fee
24   request.  Any time anticipated to be spent preparing for and appearing at a hearing on the motion,
     if any, can be estimated and sought at that time.  *See McNeil v. District of Columbia,* 342 F. Supp.
25   3d 156, 162, 165–66 (D.D.C. 2018) (in an IDEA action, awarding both merits based attorney's
     fees and fees on fees in one order); *see also Schultz v. Ichimoto*, No. 1:08-cv-526-OWW-SMS,
26   2010 WL 3504781, at *12 (E.D. Cal. Sept. 7, 2010) (awarding attorney's fees for litigating the
     merits as well as fees on fees in a single order); *Jones v. Cnty. of Sacramento*, No. CIV S-09-1025
27   DAD, 2011 WL 3584332, at *21 (E.D. Cal. Aug. 12, 2011) (same).  For future reference, this is
     certainly the preferred practice and avoids serial motions as have been brought and now ruled
28   upon in this case.

1  should exclude from this initial fee calculation hours that were not reasonably expended." *Id.* at

2  434 (internal quotation marks omitted).  After calculating this lodestar amount, the court can

3  further adjust the lodestar calculation by considering the following nonexhaustive factors:

> 4  (1) the time and labor required, (2) the novelty and difficulty of the
>    questions involved, (3) the skill requisite to perform the legal service
> 5  properly, (4) the preclusion of other employment by the attorney due
>    to acceptance of the case, (5) the customary fee, (6) whether the fee
> 6  is fixed or contingent, (7) time limitations imposed by the client or
>    the circumstances, (8) the amount involved and the results obtained,
> 7  (9) the experience, reputation, and ability of the attorneys, (10) the
>    'undesirability' of the case, (11) the nature and length of the
> 8  professional relationship with the client, and (12) awards in similar
>    cases.
> 9

10  *Kerr v. Screen Extras Guild, Inc*., 526 F.2d 67, 70 (9th Cir. 1975), *abrogated on other grounds by*

11  *City of Burlington v. Dague*, 505 U.S. 557 (1992); *see also Chalmers v. City of Los Angeles*, 796

12  F.2d 1205, 1211 (9th Cir. 1986).

13  "[T]he fee applicant bears the burden of establishing entitlement to an award and

14  documenting the appropriate hours expended and hourly rates."  *Hensley*, 461 U.S. at 437.  "The

15  party opposing the fee application has a burden of rebuttal that requires submission of evidence to

16  the district court challenging the accuracy and reasonableness of the . . . facts asserted by the

17  prevailing party in its submitted affidavits."  *Camacho*, 523 F.3d at 982.

18       1.    Plaintiff is the Prevailing Party

19  Here, the parties do not dispute that plaintiff is the prevailing party.  The parties'

20  settlement agreement states: "KCSOS-VOCS agrees that Parents are the prevailing party in OAH

21  Case No. 2018050310 for the purposes of awarding reasonable attorney's fees and costs under 20

22  U.S.C. section 1415(i)(3)(8) and 34 C.F.R. section 300.517(a)(1)."  (Doc. No. 16-5.)  Therefore,

23  the court finds that plaintiff is the prevailing party for purposes of determining attorney's fees.

24       2.    Hourly Rates

25  The previously assigned district judge granted an attorney's fees award to attorney Marcus

26  with an hourly rate of $500 and the paralegal rate at $150.  (Doc. No. 22 at 5–7.)  Defendant does

27  not dispute the hourly rate with respect to this motion for fees on fees.  (*See generally* Doc. No.

28

1    28.)  Therefore, for the reasons explained in the August 26, 2019 order, this court will adopt the

2    $500 hourly rate for attorney Marcus.

3          On the other hand, plaintiff does not include any justification for the $25 increase in the

4    hourly rate for attorney Marcus's paralegal since the original application.  (*See generally* Doc.

5    No. 26.)  When plaintiff filed his February 4, 2019 motion for attorney's fees, which included

6    billing entries up until August 21, 2018, the paralegal's rate was $150.  (Doc. No. 16-6.)  Indeed,

7    plaintiff's own proposed order indicates that this court has awarded Marcus's paralegal an hourly

8    rate of $150.  (Doc. No. 27 at 9.)  However, the invoice submitted with the pending fee motion

9    shows that the paralegal's hourly rate increased to $175 beginning as early as February 4, 2019.

10   (Doc. No. 26-2 at 3.)  Defendant has not disputed this increase.  (*See generally* Doc. No. 28.)

11         Nonetheless, plaintiff has not set forth any justifications for the $25 increase in the

12   paralegal's hourly rate between August 21, 2018 and February 4, 2019, nor will the court

13   speculate in that regard.  Moreover, the court has located no decision granting in excess of a $150

14   hourly rate for paralegals working on IDEA litigation in California.  *See, e.g.*, *T.B.*, 293 F. Supp.

15   3d at 1191 (awarding paralegal hourly rates between $115 and $145); *J.H. ex rel. Neal v.*

16   *Riverside Cnty. Office of Educ.*, No. 2:14-cv-804-MWF, 2016 WL 11515717, at *4 (C.D. Cal.

17   Mar. 8, 2016) (awarding $125 paralegal hourly rate).  Accordingly, the court will adopt the

18   previously awarded $150 hourly rate for attorney Marcus's paralegal as it did in the August 26,

19   2019 order.[4]  (Doc. No. 22 at 5–7.)

20         3.    Number of Hours to be Awarded

21         The party seeking the award of fees has the burden of establishing that the fees requested

22   are reasonable.  *See Hensley*, 461 U.S. at 434, 437.  Thus, a "fee applicant bears the burden of

23   documenting the appropriate hours expended in the litigation and must submit evidence in

24   support of those hours worked."  *Gates v. Deukmejian*, 987 F.2d 1392, 1397 (9th Cir. 1992).

25         The court has an independent duty to review the evidence to determine the reasonableness

26   of the hours requested in each case.  *See Hensley*, 461 U.S. at 433, 436–37; *Tehachapi Unified*

27   _____

28   [4]  The court expresses no opinion as to whether a $175 paralegal rate might be reasonable under
     different circumstances or based on a more complete record.

1    *Sch. Dist. v. K.M.*, No. 1:16-cv-01942-DAD-JLT, 2019 WL 331153, at *7 (E.D. Cal. Jan. 25,

2    2019).  A court "may not uncritically accept a fee request," but must review the time billed and

3    determine whether it is reasonable in light of the work performed and the context of the case.  *See*

4    *Common Cause v. Jones*, 235 F. Supp. 2d 1076, 1079 (C.D. Cal. 2002); *see also McGrath v.*

5    *Cnty. of Nevada*, 67 F.3d 248, 254 n.5 (9th Cir. 1995) (the court may not adopt representations

6    regarding the reasonableness of time expended without reviewing the record).  A court may

7    reduce the requested award where documentation of the attorney time expended is inadequate.

8    *See Hensley*, 461 U.S. at 433.  "[H]ours that were not 'reasonably expended'" should be excluded

9    from an award, including "hours that are excessive, redundant, or otherwise unnecessary." *Id.* at

10   434.  The court has discretion in determining whether the number of hours was reasonably

11   expended.  *Cunningham v. Los Angeles*, 879 F.2d 481, 484–85 (9th Cir. 1988).

12           Defendant has not argued for a reduction in any of attorney Marcus's claimed hours.  (*See*

13   *generally* Doc. No. 28.)  Rather, defendant argues solely that an extension of time for the filing of

14   this fees motion should not be granted.  *(See id.*)  Nevertheless, the court must independently

15   review the reasonableness of the hours counsel seeks to be compensated for by way of the

16   pending motion.  *See Hensley*, 461 U.S. at 433, 436–37.

17           In the pending motion, attorney Marcus includes time entries related to:  1) the October 1,

18   2018 complaint for attorney's fees; 2) discovery efforts; 3) preparation and participation in the

19   January 3, 2019 scheduling conference; 4) the February 4, 2019 motion for attorney's fees; 5) the

20   request for an extension to file a motion for attorney's fees; and 6) the December 24, 2019 motion

21   for attorney's fees.  (*See generally* Doc. No. 26-2.)

22           In the undersigned's view, attorney Marcus should only now recover for services rendered

23   with respect to the October 2018 and February 2019 fee petitions, and the pending motion for

24   attorney's fees.  Therefore, as indicated in the table below, the court will deduct all attorney time

25   entries unrelated to the preparation of the complaint and motions for attorney's fees.

26           Moreover, attorney Marcus should not recover for time expended on discovery efforts in

27   this case because the court's Scheduling Order stated that the "parties have waived their right to

28   discovery."  (Doc. No. 14 at 1.)  Plaintiff also indicated in his proposed order that time expended

                                                    12

1    on discovery was not applicable to this matter and should therefore be deducted.  (Doc. No. 27-1

2    at 8.)  Attorney Marcus is thus not entitled to an award of any attorney's fees related to discovery

3    efforts.

4           Further, several of attorney Marcus's time entries are too vague for the court to determine

5    whether the time reflected in those entries was reasonably expended.  For example, counsel

6    submits the following entries:  "Drafted Motion for Attorney's Fees for prevailing party –

7    utilizing prior motion as template" (1.8 hours) and "Final review of Motion for Fees and Leave to

8    File untimely" (0.7 hours).  (Doc. No. 26-2 at 5.)  The court is unable to determine from such

9    entries how much time was spent on which sections of the motion for attorney's fees, the

10   proposed order, and the request for leave to file an untimely motion.  Moreover, the court has

11   reviewed plaintiff's 14-page proposed order for the pending motion and deems it to be excessive

12   when compared to what was necessary in this case.  *See Hensley*, 461 U.S. at 434 ("[H]ours that

13   were not 'reasonably expended'" should be excluded from an award, including "hours that are

14   excessive, redundant, or otherwise unnecessary.").  Therefore, the court concludes that attorney

15   Marcus has not met her burden of demonstrating that certain time entries reflected in her billing

16   records are reasonable.  Accordingly, the court will deduct the insufficiently detailed billing

17   entries from plaintiff's fee award as indicated in the table below.  *See id.* at 433 (holding that the

18   court may reduce requested award where documentation of the attorney time expended is

19   inadequate).

20          Lastly, attorney Marcus seeks fees for services rendered in connection with filing the

21   filing of plaintiff's request for a 90-day extension to file a motion the motion for fees on fees.

22   (Doc. No. 26-2 at 5.)  While this court has found excusable neglect in allowing plaintiff to file a

23   delayed motion for attorney's fees, the court will not grant attorney Marcus's fee application to

24   the extent it seeks to recoup fees related to researching and drafting a request for an extension of

25   time to seek those fees.  Attorney Marcus would not have been entitled to such fees had she filed

26   a timely motion for attorney's fees.  There is no reason for counsel to now benefit from that

27   delayed filing.

28   /////

For these reasons, the court will deduct the following time entries from the pending motion in awarding attorney's fees:

| Time Entries (Doc. No. 26-2) | | | |
|---|---|---|---|
| **Date** | **Performed By** | **Description** | **Time** |
| 12/21/18 | Paralegal | Drafted Initial Disclosures (.5); reviewed evidence to prepare for initial disclosures (.4) | 0.9 |
| 12/21/18 | Marcus | Drafted Request for Interrogatories (.8); Drafted Request for Admissions (.9); reviewed settlement and correspondence to prepare for Written Discovery (.5) | 2.2 |
| 8/26/19 | Marcus | Reviewed & analysis of Decision (.8); consult re: interest & decision (.2) | 1.0 |
| 12/20/19 | Marcus | Receipt of notice from Lisa Coffman Staff Attorney to Chief Judge Lawrence J. O'Neill, re CD's left at Court from case – realized Fees were never filed for/not put on calendar – timeline missed – research re motion to accept late motion for fees | 1.5 |
| 12/20/19 | Marcus | Research Rule 60 re: timelines for filing attorneys fees | 0.2 |
| 12/21/19 | Marcus | File review and drafting of Request of Leave, to include OAH cases & background of unintentional neglect | 1.7 |
| 12/21/19 | Marcus | Drafted Motion for Attorney's Fees for prevailing party – utilization prior motion as template[5] | 1.8 |
| 12/23/19 | Marcus | Drafting: review and update for Request for Leave for late filing | 2.3 |
| 12/23/19 | Paralegal | Review and edit draft of Request for Leave of late filing for Attorneys Fees and costs (1) and motion for fees (.4) | 1.4 |
| 12/24/19 | Marcus | Final review of Motion for Fees[6] and Leave to File untimely | 0.7 |
| | | **Marcus Reduction 11.4 x $500** | $5,700 |
| | | **Paralegal Reduction 2.3 x $150** | $345 |
| | | **Total Deduction from Award** | $6,045 |

Overall, the court will reduce plaintiff's attorney's fees for attorney Marcus's services by $5,700.  As noted above, the court will further reduce the amount to be awarded by $345 for the paralegal's services.  Therefore, the total reduction will be $6,045.  Aside from the above noted entries, the court has reviewed the remaining billing entries and finds that they are reasonable. No further deductions are found to be necessary or appropriate.

---

[5]  This vague time entry does not delineate how much time was spent drafting each document.

[6]  *See* n.5.

14

**C.    Costs**

"Plaintiffs are entitled to their . . . costs as part of an award of fees . . . .  Even though not normally taxable as costs, out-of-pocket expenses incurred by an attorney which would normally be charged to a fee paying client are recoverable as attorney's fees."  *Chalmers*, 796 F.2d at 1216. Plaintiff now seeks reimbursement for an additional $49.10 in costs related to sending the instant motions via overnight mail to the previously assigned district judge.  (Doc. No. 26-2 at 5.) Defendant does not contest these costs.  (*See generally* Doc. No. 28.)  Because Local Rule 133(f) requires courtesy copies to be delivered to chambers by the next business day, the court concludes that plaintiff is entitled to a total of $49.10 in reimbursements for costs.

### SUMMARY OF CALCULATIONS[7]

| Name | Amended Rate | Awarded Hours | Awarded Hours Total |
|------|-------------|---------------|---------------------|
| Marcus | $500 | 47.1 | $23,550 |
| Paralegal | $150 | 18.5 | $2,775 |
| Costs | | | $49.10 |
| **TOTAL** | | | **$26,374.10** |

### CONCLUSION

For the reasons set forth above,

1. Plaintiff's request for an extension to file the motion for attorney's fees is granted (Doc. No. 25).

2. Plaintiff's motion for attorney's fees is granted in part (Doc. No. 26).

   a.   The court will award to plaintiff $26,325 in fees and $49.10 in costs.

   b.   Therefore, the total award to plaintiff is $26,374.10.

/////

/////

---

[7]  For the ease of calculating fees in future filings, the court requests that plaintiff's counsel include the total number of hours and fees for each billing employee, separately (e.g., "total number of attorney hours: 100, total number of paralegal hours: 100").

3. Pursuant to the settlement agreement of the parties (Doc. No. 16-5 at 6), defendant shall pay attorney Marcus the awarded fees on fees and costs within thirty (30) days of this Order.

4. No further motion for attorney's fees will be entertained in this action.

IT IS SO ORDERED.

Dated:   __September 11, 2020__          _____
                                          UNITED STATES DISTRICT JUDGE

16